|   |   |   |
|---|---|---|
| | IN THE UNITED STATES DISTRICT COURT | |
| | FOR THE DISTRICT OF ALASKA | |
| THERESA MARGARET MACDONALD, | | |
| | Plaintiff, | |
| v. | | Case No. 3:23-cv-00291-SLG-KFR |
| DEBRA HAALAND, Secretary of the Interior, et al., | | |
| | Defendants. | |

**REPORT AND RECOMMENDATION TO DISMISS AMENDED COMPLAINT**

Before the Court is a document filed by Plaintiff Theresa Margaret MacDonald, a self-represented litigant.[1] The Court construes the document to be Plaintiff's Amended Complaint in this action. Like the initial Complaint, the Amended Complaint fails to state a claim upon which relief may be granted. The Court finds that giving Plaintiff another opportunity to file an amended complaint would be futile, and therefore recommends that this action be **DISMISSED without leave to amend and with prejudice.**

## I.  DISCUSSION

On December 28, 2023, Plaintiff Theresa Margaret MacDonald, a self-represented litigant, filed a Complaint for Violation of Civil Rights ("Complaint"), a civil cover sheet, and an application to waive filing fee.[2] Plaintiff's initial Complaint indicated that she was bringing suit under § 1983 against the following three Defendants in their official capacities: (1) Debra Haaland, Secretary of the Department of the Interior; (2) Darryl LaCounte, Director of the Bureau of Indian Affairs; and (3) Melanie Bahnke, President of Kawerak, Inc.[3] Plaintiff's Complaint appeared to raise two claims: (1) that Defendants failed to provide financial

---
[1] Doc. 8. The document is titled "Model Rule 26(f) Report and Proposed Scheduleing [sic] Order for Victims Infringement Notice of Procedure Affirm Intention to Seeking Individual, Collective and Class Action Complaint(s) in the Alleging Excessive Violation(s), of Federal laws of, Misconduct of Elements of Factual Alligations [sic] to the Federal Claims of Evidenace [sic] Burden of Proof." *Id.* at 1.
[2] Docs. 1–3.
[3] Doc. 1 at 1–3.

assistance that could have been used to prevent Plaintiff's cousin, an Alaska Native child, from being placed in a non-Native foster home; and (2) that Plaintiff was denied the right to free legal assistance in Plaintiff's state court challenge to the child's placement.[4]

The Court screened the Complaint in accordance with 28 U.S.C. § 1915(e) and determined that it was deficient for multiple reasons, including because it failed to state a claim upon which relief could be granted.[5] In its Screening Order, the Court thoroughly described the issues with Plaintiff's claims. First, the Court explained that to the extent Plaintiff was attempting to assert any claims under 42 U.S.C. § 1983, the federal civil rights statute, those claims failed because Defendants Haaland and LaCounte—as federal government actors—could not be sued under that statute, and the Complaint lacked allegations sufficient to allow the Court to infer that Defendant Bahnke deprived Plaintiff of any federal right while acting under color of state law.[6] Second, the Court explained that to the extent Plaintiff was attempting to assert any claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*[7] for violations of her constitutional rights by federal actors, those claims failed because: (1) Plaintiff sought injunctive relief that is not available in a *Bivens* action; (2) Plaintiff did not allege that any of the named Defendants was personally involved in violating her constitutional rights, as is required to sustain a *Bivens* claim for money damages; and (3) Plaintiff did not allege any plausible violations of her constitutional rights.[8] And third, the Court explained that to the extent Plaintiff was attempting to assert a claim under the Indian Child Welfare Act ("ICWA") for denial of legal assistance,[9] the Complaint's allegations were insufficient to allow the Court to infer that Plaintiff was denied any right to which she was entitled.[10] The Court granted Plaintiff leave to file an amended complaint to cure any issues with the Complaint that were capable of being addressed.

---

[4] *Id.* at 7–9.
[5] Doc. 5.
[6] *Id.* at 6–7.
[7] 403 U.S. 388 (1971).
[8] Doc. 5 at 7–9.
[9] *See* 25 U.S.C. § 1915.
[10] Doc. 5 at 9–11.

R&R re Amended Complaint 2
*MacDonald v. Haaland, et al.*
3:23-cv-00291-SLG-KFR
Case 3:23-cv-00291-SLG-KFR   Document 9   Filed 07/05/24   Page 2 of 7

On March 26, 2024, instead of filing an amended complaint, Plaintiff filed a "Response to Screening Order Complaint with Leave to Amend," which appeared to raise objections to certain of the Court's rulings in the Screening Order.[11] The Court construed this filing as a motion for reconsideration of the Screening Order's conclusions and denied Plaintiff's objections as lacking in merit.[12] Because the deadline to file an amended complaint had passed without any additional filings, the Court—in recognition of Plaintiff's *pro se* status—granted Plaintiff another opportunity to file an amended complaint.[13] The Court specifically instructed Plaintiff that any amended complaint must address the initial Complaint's deficiencies that were identified in the Screening Order.[14] The Court further reiterated and emphasized that if Plaintiff wished to file an amended complaint, she "must reallege all claims she wishes to bring, all defendants she wishes to sue, and all facts she wishes to use to support her claims."[15]

On May 17, 2024, Plaintiff filed what the Court understands to be her Amended Complaint.[16] In this filing, Plaintiff alleges that Defendants Haaland, LaCounte, and Bahnke violated her rights under ICWA and under the First, Eleventh, and Fourteenth Amendments.[17] The factual basis for these claims appears to be that Defendants each knew of alleged ICWA violations committed by State of Alaska officials or tribal "ICWA [a]gents," yet failed to act to prevent the child's "unlawful" adoption to a non-Native family.[18] Plaintiff suggests that the adoption was unlawful because it was contrary to a placement preference to which Plaintiff was entitled under ICWA.[19] For relief, Plaintiff appears to request unspecified money damages and a court order (1) undoing the adoption and returning the child to her care and (2) changing

---

[11] Doc. 6.
[12] Doc. 7.
[13] *Id.* at 5.
[14] *Id.*
[15] *Id.*
[16] Doc. 8.
[17] *Id.* at 5.
[18] *Id.* at 2–3, 5. Plaintiff alleges that she personally handed Defendant Haaland a packet of documents with information regarding purportedly unlawful conduct by State of Alaska officials and "ICWA [a]gents" in "support[ing]" the adoption. *Id.* at 2–3.
[19] *Id.* at 5.

the child's name back to the child's birth name.[20]

The Court finds that Plaintiff's Amended Complaint does not cure the deficiencies that the Court identified in its Screening Order. Plaintiff has pleaded no new facts to support the notion that Defendant Bahnke is a state actor, as is required to state a § 1983 claim.[21] Similarly, although Plaintiff now names certain constitutional rights that she believes Defendants violated, Plaintiff has pleaded no new facts that plausibly show a violation of any of these constitutional rights, as is required to state a *Bivens* claim.[22] Finally, Plaintiff appears to abandon her claim under ICWA for denial of her right to legal assistance, but the Amended Complaint contains vague and unsupported allegations that Defendants violated ICWA.[23] The facts pleaded in the Amended Complaint indicate only that, despite Plaintiff's status as a preferred placement under ICWA, the child was placed with and subsequently adopted by a non-Native family that did not have preferential status.[24] But even taking all these allegations as true, they do not give rise to a viable claim under ICWA. ICWA provides a cause of action for the violation of certain provisions of the statute, but the provision that lists the adoptive placement preferences is not among them.[25]

Furthermore, although ICWA requires state courts to apply the statute's placement

---

[20] *Id.* at 4, 6–7.

[21] *See* Doc. 5 at 6–7 ("[T]he only asserted basis for [Defendant Bahnke's] liability is that the corporation that employs her received federal funds yet failed to use those funds to help the child remain in Plaintiff's care. The Complaint fails to allege facts sufficient to allow the Court to reasonably infer that this Defendant acted under color of state law, as opposed to federal law." (footnote omitted)).

[22] Doc. 5 at 9 ("Without factually supported allegations that Defendants violated a specific constitutional right belonging to Plaintiff, her *Bivens* claims cannot proceed.").

[23] *See* Doc. 8 at 5.

[24] *See* 25 U.S.C. § 1915(a) ("In any adoptive placement of an Indian child under State law, a preference shall be given, in the absence of good cause to the contrary, to a placement with (1) a member of the child's extended family; (2) other members of the Indian child's tribe; or (3) other Indian families.").

[25] *See* 25 U.S.C. § 1914 ("Any Indian child who is the subject of any action for foster care placement or termination of parental rights under State law, any parent or Indian custodian from whose custody such child was removed, and the Indian child's tribe may petition any court of competent jurisdiction to invalidate such action upon a showing that such action violated any provision of sections 1911, 1912, and 1913 of [ICWA]."); *see also Doe v. Mann*, 285 F. Supp. 2d 1229, 1241 (N.D. Cal. 2003) (holding that plaintiff failed to state a claim for violations of § 1915 because ICWA does not provide cause of action for violations of that section), *aff'd*, 415 F.3d 1038 (9th Cir. 2005); *Navajo Nation v. Super. Ct. of State of Wash. for Yakima Cnty.*, 47 F. Supp. 2d 1233, 1243 (E.D. Wash. 1999) (declining to recognize implied cause of action for violation of § 1915).

preferences in making child custody determinations,[26] an individual who meets the criteria for such a preference is not guaranteed to be selected as the ultimate placement. There are multiple circumstances under which a state court may place a Native child with a non-Native family instead of with an individual who meets the criteria for a placement preference: where the court finds that the individual is not a "suitable caretaker" for the child, or where the court finds that good cause exists to deviate from the placement preferences.[27] In other words, the mere fact of a Native child's adoption by a non-Native family—even where the adoption is contrary to the wishes of an individual entitled to a placement preference—does not constitute an ICWA violation, let alone a violation for which Defendants could be liable.[28]

//
//
//
//
//
//
//
//
//
//
//
//

---

[26] *Haaland v. Brackeen*, 599 U.S. 255, 286 (2023) (citing 25 U.S.C. §§ 1915(a), (b)).

[27] *See Taryn M. v. State, Dep't of Fam. & Cmty. Servs., Off. of Child.'s Servs.*, 529 P.3d 523, 532 (Alaska 2023).

[28] Plaintiff does not list an individual named Joanne Robertson as a defendant in this case, but to the extent that Plaintiff intends to add Robertson as a defendant and to assert a claim against her here, that claim also fails. Plaintiff alleges that Robertson prevented Plaintiff from speaking her native language and engaging in cultural activities with the child. *See* Doc. 8 at 4–5. Plaintiff also alleges that Robertson "breached her official duty," but does not explain what that duty was or how her conduct violated any of Plaintiff's rights. *See id.* at 5. These allegations do not state a claim upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[O]nly a complaint that states a plausible claim for relief [may proceed]." (citing *Bell Atl. Co. v. Twombly*, 550 U.S. 544, 556 (2007))).

R&R re Amended Complaint 5
*MacDonald v. Haaland, et al.*
3:23-cv-00291-SLG-KFR
Case 3:23-cv-00291-SLG-KFR   Document 9   Filed 07/05/24   Page 5 of 7

## II. CONCLUSION

Liberally construed, Plaintiff's Amended Complaint fails to state a claim upon which relief could be granted. The Court finds that giving Plaintiff another opportunity to file an amended complaint would be futile, due to Plaintiff's failure to cure the deficiencies with her original Complaint despite the Court's clear, repeated instructions regarding necessary amendments.[29] Accordingly, the Court recommends that this action be **DISMISSED without leave to amend and with prejudice.**

DATED this 3rd day of July, 2024, at Anchorage, Alaska.

*s/ Kyle F. Reardon*
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

### NOTICE OF RIGHT TO OBJECT

Under 28 U.S.C. § 636(b)(1), a district court may designate a magistrate judge to hear and determine matters pending before the Court. For dispositive matters, a magistrate judge reports findings of fact and provides recommendations to the presiding district court judge.[30] A district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's order.[31]

A party may file written objections to the magistrate judge's order within 14 fourteen days.[32] Objections and responses are limited to five (5) pages in length and should not merely

---

[29] *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (explaining that dismissal without leave to amend is proper when amendment would be futile); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (determining that plaintiff's failure to correct deficiencies with claims after being given opportunity to amend complaint was a "strong indication" that plaintiff had "no additional facts to plead"); *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1087–88 (9th Cir. 2002) (holding that denial of leave to amend was not an abuse of discretion where plaintiffs could not cure the "basic flaw" in their pleading).
[30] 28 U.S.C. § 636(b)(1)(B).
[31] *Id.* § 636(b)(1)(C).
[32] *Id.*

R&R re Amended Complaint 6
*MacDonald v. Haaland, et al.*
3:23-cv-00291-SLG-KFR
Case 3:23-cv-00291-SLG-KFR   Document 9   Filed 07/05/24   Page 6 of 7

reargue positions previously presented. Rather, objections and responses should specifically identify the findings or recommendations objected to, the basis of the objection, and any legal authority in support. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment.[33]

---

[33] *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).

R&R re Amended Complaint 7
*MacDonald v. Haaland, et al.*
3:23-cv-00291-SLG-KFR
Case 3:23-cv-00291-SLG-KFR   Document 9   Filed 07/05/24   Page 7 of 7